**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CONNIE D. JONES,
Plaintiff-Appellant,

v.

THE POSTMASTER GENERAL OF THE
UNITED STATES,                                             No. 95-3191
Defendant-Appellee,

and

PAUL BOULEY; ROGER BURACKER,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CA-94-173-NN)

Argued: December 5, 1996

Decided: January 8, 1997

Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeffrey M. Jordan, PENINSULA LEGAL AID CENTER,
INC., Hampton, Virginia, for Appellant. Lori Joan Dym, Legal Pol-

icy, UNITED STATES POSTAL SERVICE, Washington, D.C., for Appellee. **ON BRIEF:** R. Andrew German, Managing Counsel, Legal Policy, UNITED STATES POSTAL SERVICE, Washington, D.C.; Helen F. Fahey, United States Attorney, George M. Kelley, III, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Connie D. Jones brought this action against her former employer, the Postmaster General of the United States, and two individuals, alleging various acts of illegal employment discrimination and retaliation. Jones presently appeals from a judgment entered against her following a trial of her claims; she asserts that the district court erred in refusing to permit her to introduce the testimony of two witnesses on the grounds that she had failed to timely name them in compliance with a district court order directing disclosure of all witnesses by a specified date prior to trial. We conclude, however, that because Jones failed to proffer the substance of the witnesses' proposed testimony, she may not prevail on appeal. See United States v. Clements, 73 F.3d 1330, 1336 (5th Cir. 1996) (holding alleged error in exclusion of testimony was not properly preserved because"`the substance of the evidence was [not] made known to the court by offer'" and was not "`apparent from the context within which questions were asked'") (quoting Fed. R. Evid. 103(a)(2)). In the absence of a proffer of their testimony, we are unable to conclude that Jones' substantial rights were impacted by the refusal of the district court to permit the testimony of the witnesses. Accordingly, we affirm.

AFFIRMED